THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FERNANDO SOTO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 24, 1968, convicting him of murder in the second degree, upon a jury verdict, and sentencing him to an indeterminate prison term of 20 years to life. Judgment reversed, on the law and in the interests of justice, and new trial ordered. In our opinion, the trial court's instructions and reinstructions to the jury concerning the defense of justification were confusing and, in effect, imposed upon defendant the burden of proving that defense by a fair preponderance of the evidence. This was reversible error, as the People have the burden of disproving a defense of justification, beyond a

reasonable doubt, when, as in this case, it has been raised by the defendant (Penal Law, § 25.00; and Practice Commentary thereon in McKinney's Cons. Laws of N. Y., Book 39, Penal Law; *People v. Steele*, 26 N Y 2d 526, 528; *People v. Sandgren*, 302 N. Y. 331, 334; *People v. Townsel*, 16 A D 2d 178, 179). Moreover, while the trial court, in its main charge, properly included instructions on subdivision 3 of section 1052 of the former Penal Law (the omnibus provision of manslaughter in the second degree, which the jury might have found applicable on the facts in this case), when the jury requested reinstructions on murder in the second degree and manslaughter in the first degree, the court omitted reinstructions on subdivision 3 of section 1052 of the former Penal Law and, instead, *sua sponte*, substituted instructions on sub-division 2 of that section, which was clearly inapplicable in this case. In our opinion, the failure to reinstruct the jury on subdivision 3, while substituting instructions on the inapplicable provisions of subdivision 2, was improper and erroneous (see *People v Heineman*, 211 N. Y. 475; *People v. Drislane*, 8 N Y 2d 67; *People v Reynolds*, 35 A D 2d 529). Finally, while it may not have been materially prejudicial in this case, the trial court erred when it refused to charge subdivision 2 of section 1055 of the former Penal Law (dealing with justifiable homicide in resisting "an attempt to commit a felony upon the slayer"), since defendant had contended he was resisting an assault by the decedent upon him with a metal garbage can cover (an "instrument" that could inflict grievous injury) and such assault by the decedent would have been assault in the second degree, a felony (former Penal Law, § 242, subd. 4). Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.