## (February 26, 1975)

■ In the Matter of DAIRYLEA COOPERATIVE, INC., Appellant, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered January 22, 1975 in Albany County, which denied an application by petitioner to quash a subpoena duces tecum issued by the Attorney-General of the State of New York and returnable before a Grand Jury in a criminal investigation entitled "In the Matter of Dairylea Cooperative, Inc." Petitioner instituted a proceeding in Supreme Court to quash a subpoena duces tecum issued by the Attorney-General and returnable before a Grand Jury which required it to produce certain corporate records on the grounds, inter alia, that the Attorney-General lacked authority to issue such a subpoena and that its scope was unduly burdensome and oppressive. Special Term found meritorious only this latter ground and, upon a concession by the Attorney-General limiting somewhat the scope of the original subpoena, denied what it styled petitioner's motion. The State's motion to dismiss the instant appeal was previously denied by this court without prejudice to a renewal thereof upon argument of the appeal (Matter of Dairylea Cooperative v. Lefkowitz, decided Feb. 13, 1975). Accordingly, we must first consider whether an appeal lies from the instant order. We find the State's reliance on such cases as Matter of Ryan (Hogan) (306 N. Y. 11) and Matter of Turecamo Contr. Co., (260 App. Div. 253) to be unavailing in this regard. Even if factually apposite, those authorities no longer appear to constitute the current and controlling case law on this subject (Matter of Inter-City Assoc. [People], 308 N. Y. 1044; cf. Matter of Boikess v. Aspland, 24 N Y 2d 136, 138–139). Petitioner's limited argument on the merits is that respondent lacked authority to issue the challenged subpoena. The Attorney-

General contends that subdivision 3 of section 63 of the Executive Law provides the necessary authorization for this action. That subdivision permits investigation and prosecution by the Attorney-General in certain cases "Upon request" of enumerated state officials and petitioner maintains that an insufficient request, if any, was made in this instance. In the trial court it was alleged by respondent that such a request had, in fact, been made by the Commissioner of the Department of Agriculture and Markets. After examination of this record, we agree. Order affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.