■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAIRYLEA COOPERATIVE, INC., et al., Respondents.—Appeals (1) from an order of the Supreme Court at Trial Term, entered January 20, 1978 in Albany County, which dismissed Indictment No. 39 against Dairylea Cooperative, Inc.; (2) an order, entered January 20, 1978 in Albany County, which dismissed Indictment No. 39 against Harry Carter; and (3) an order entered February 15, 1978 in Albany County, which dismissed Indictment No. 39 against Robert Silva. On November 5, 1975, the Albany County Grand Jury indicted the defendants herein for "attempted Grand Larceny in the Second Degree" in violation of sections 110:00 and 155:35 of the Penal Law. Defendant Henry Weinblatt pleaded guilty to "Petit Larceny" in satisfaction of the indictment and, therefore, has not appealed. The indictment stated as follows: "The defendants, Dairylea Cooperative, Inc., Henry Weinblatt, Harry Carter and Robert Silva, individually and aiding and abetting each other, in the County of Albany, State of New York, from on or about July 1, 1969 to on or about June 30, 1973, continuously, systematically and as part of a common plan and scheme, with the intent to deprive the State of New York of certain of its property, to wit: lawful money of the United States, and to appropriate the same to the defendant, Dairylea Cooperative, Inc., did attempt to steal and wrongfully take from the State of New York, the owner thereof, a sum of money in excess of $1,500." In 1973, the Department of Agriculture and Markets conducted an investigation and held hearings on the allegation that Dairylea Cooperative, Inc. (hereinafter called "Dairylea"), had engaged in unlawful standardization of milk by adding skim milk powder to whole milk. The State of New York had adopted a minimum standard of 3.4% butterfat in whole milk. The State dictated minimum butterfat content has become the maximum butterfat content by practice within the dairy industry. The butterfat content of whole milk is standardized by removing or adding skimmed milk. Under regulation section 35.2 promulgated by the Commissioner of Agriculture and Markets, skimmed milk added to whole milk must be fresh and not reconstituted skim milk (1 NYCRR 35.2). Whole milk standardized by the addition of reconstituted milk which is used in most States is equal to whole milk standardized by the required method in New York State, nutritionally and in all other respects. After completion of the hearings, the commissioner found that Dairylea had illegally standardized its whole milk by adding reconstituted rather than fresh milk, and levied fines in the sum of $150,000 against Dairylea. Those employees who were chiefly responsible for the illegal standardizing practices were discharged by Dairylea. The individual defendants herein were among those dismissed. The matter was referred to the Attorney-General for further action (Matter of Dairylea Coop. v Lefkowitz, 47 AD2d 690, mot for lv to app den 40 NY2d 848). Indictments for the crimes of "offering a False Instrument for Filing in the First Degree" and "Criminal Possession of a Forged Instrument in the Second Degree" against Dairylea and "Conspiring in the Third Degree" against Dairylea and its employees were dismissed (People v Dairylea Coop., 52 AD2d 1004, mot for lv to app den 40 NY2d 848). The trial court held that the present indictments did not sufficiently apprise the defendants of the conduct for which they were charged. In order to be guilty of an attempt to commit a crime, the accused must, with the intent to commit a crime, engage in conduct which tends to effect the commission of such crime (Penal Law, § 110.00). The defendants contend that the indictment did not allege facts supporting the two elements of attempted grand

larceny in the second degree: (1) intent to commit that crime; and (2) conduct tending to effect the commission of the crime. The court found that the indictment failed to satisfy the requirements of CPL 200.50 (subd 7) *(People v Barnes,* 44 AD2d 740). The People contend that the case is controlled by section 155.45 of the Penal Law, which provides: "1. Where it is an element of the crime charged that property was taken from the person or obtained by extortion, an indictment for larceny must so specify. In all other cases, an indictment, information or complaint for larceny is sufficient if it alleges that the defendant stole property of the nature or value required for the commission of the crime charged without designating the particular way or manner in which such property was stolen or the particular theory of larceny involved." An indictment under section 155.45 of the Penal Law must contain certain elements. The primary function of an indictment is to inform the defendant of the crime with which he is charged, and it should do so with sufficient fullness and clarity to enable the defendant to prepare for trial. The indictment here fails to meet the required standard. Other than alleging that the defendants attempted to steal in excess of $1,500 from the State over a four-year period, the indictment is silent. In addition, the prosecutor's instructions to the Grand Jury were misleading and erroneous. He admitted that there was no evidence before the Grand Jury sufficient to indict for the crime of larceny. It could, however, make a finding that larceny had, in fact, been committed, and that an indictment for attempted larceny was warranted. The court concluded that the proceedings before the Grand Jury were not fair to the defendants, and the indictment should be dismissed. We agree. On the motion to dismiss the indictments, the defendants contended that the transcripts and exhibits produced at the investigatory hearings which were turned over to the Attorney-General constituted a breach of confidentiality. Section 23 of the Agriculture and Markets Law provides that proceedings and documents received and accepted by the commissioner "as being of a confidential nature which when so received and accepted shall not be subject to subpoena". The counsel to the ·Department of Agriculture and Markets stated in an affidavit that "The investigation from the time of its initiation was presumed to be confidential and was conducted in that manner". In addition, Dairylea entered into stipulations with the department which specifically stated that they were to be used solely for the purpose of any litigation for the recovery of civil penalties. The court found that section 23 prohibited the voluntary disclosure of confidential information to the Attorney-General, under the circumstances herein, and that such disclosure was illegal and, therefore, the indictment should be dismissed. We agree. All the defendants moved to dismiss the indictment in the interest of justice pursuant to CPL 210.20 (subd 1) and 210.40. The court held that "the interests of justice will not be advanced by further prosecution". Applying the factors that should be considered when dismissing an indictment in the interests of justice as outlined in *People v Clayton* (41 AD2d 204), to the factual situation as found by the trial court herein, we find that the dismissal of the indictment upon the reasons set forth by the trial court was amply supported by the record. Orders affirmed. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.