THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE N. BRANCH, Appellant.

Second Department, March 17, 1980

*Matthew Muraskin (Leslie P. Rudman* and *Michael J. Obus* of counsel), for appellant.

*Denis Dillon, District Attorney (George Freed* and *William C. Donnino* of counsel), for respondent.

**OPINION OF THE COURT**

MARTUSCELLO, J.

On July 22, 1977 two robbers entered the Ridgewood Savings Bank. One of them stood guard with a gun while the other jumped over a counter, ordered the tellers to open their cash drawers which contained bank funds, and then took

money from each drawer. A total of more than $27,000 was taken.

Based on these acts, the Nassau County Grand Jury, in an indictment dated August 10, 1977, charged the defendant with the crimes of robbery in the first degree (three counts), robbery in the second degree (two counts), grand larceny in the second degree and grand larceny in the third degree (two counts). After trial the jury returned a verdict finding the defendant guilty on the second and third counts of the indictment, each of which charged him with robbery in the first degree.

Defendant raises three issues on this appeal: (1) that he was denied his right to counsel at a lineup; (2) that the second count of the indictment was void for duplicity; and (3) that the sentences imposed were unduly harsh. In my view, only the second issue warrants discussion.

The second count of the indictment charged the defendant with the crime of robbery in the first degree in that he "forcibly stole certain property from Rebecca Kalbfliesch, Linda Murray and Jack Dafgard of the Ridgewood Savings Bank * * * and in the course of the commission of the crime * * * displayed what appeared to be * * * revolvers". The three named individuals are tellers of the said bank.

CPL 200.30 provides as follows:

"1. Each count of an indictment may charge one offense only.

"2. For purpose of this section, a statutory provision which defines the offense named in the title thereof by providing, in different subdivisions or paragraphs, different ways in which such named offense may be committed, defines a separate offense in each such subdivision or paragraph, and a count of an indictment charging such named offense which, without specifying or clearly indicating the particular subdivision or paragraph of the statutory provision, alleges facts which would support a conviction under more than one such subdivision or paragraph, charges more than one offense."

Defendant contends that the second count charged three separate offenses of robbery in the first degree in violation of CPL 200.30. I disagree.

The primary function of an indictment is to inform a defendant of the crimes with which he is being charged, and to do so with sufficient fullness and clarity so as to allow him

to prepare for trial *(People v Dairylea Coop.,* 66 AD2d 974, 975). CPL 200.50 (subd 7) requires an indictment to contain "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, (a) asserts facts supporting every element of the offense charged and the defendant's or defendants' commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation".

In addition to the primary function of informing a defendant of the charges made against him, an indictment also serves (1) to ensure that the crime for which he is brought to trial is in fact one for which he was charged by the Grand Jury, rather than an alternative seized upon by the prosecutor because of subsequently discovered evidence, and (2) as a means of indicating the crimes for which a defendant has been tried in order to prevent a retrial on the same crime which would violate the prohibition against double jeopardy *(People v Iannone,* 45 NY2d 589, 594-595).

After examining count two of the indictment in light of the traditional purposes to be served by an indictment, it becomes clear beyond cavil that those purposes are completely satisfied. Count two of the indictment unmistakably indicates that defendant is being charged for the July 22, 1977 robbery of the Ridgewood Savings Bank which he accomplished by forcibly stealing property from Rebecca Kalbfliesch, Linda Murray and Jack Dafgard.

The issue, therefore, resolves itself into whether merely as a matter of form the indictment is defective under the provisions of CPL 200.30. Before addressing that issue I note that, "The historical development of the form of indictment presently used in New York exemplifies a continuing attempt to eschew formalism and ritual" *(People v Iannone, supra,* p 595).

It is apparent that count two of the indictment charged only one offense (see CPL 200.30, subd 1). While there is no bank robbery statute per se in New York, the indictment cannot be interpreted to mean anything other than that the charge against defendant is robbery in the first degree of the *Ridgewood Savings Bank* committed by taking money from three employees of the bank. The indictment cannot be construed as charging three separate offenses by virtue of the fact that the three tellers are named therein. The tellers, after all, were employees of the bank and were holding the bank's money

rather than their own. "A count of an indictment is not duplicitous if the alleged acts therein were part of a transaction constituting a single continuing offense" *(United States v Cohen,* 444 F Supp 1314, 1320).

The dissent, in seeking to define "offense" for purposes of CPL 200.30 (subd 1), mistakenly points to the definition of that term as it appears in CPL 40.10 (subd 1). Said section provides as follows:

"The following definitions are applicable to this article:

"1. 'Offense.' An 'offense' is committed whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense. *The same conduct or criminal transaction also establishes separate and distinct offenses when, though violating only one statutory provision, it results in death, injury, loss or other consequences to two or more victims, and such result is an element of the offense as defined. In such case, as many offenses are committed as there are victims."* (Emphasis supplied.)

It is true that if the definition of "offense" contained in section 40.10 is applied to CPL 200.30 and the robbery is deemed to have been of the three tellers, the second count of the indictment would be invalid as duplicitous. However, the very wording of section 40.10 precludes its application to section 200.30 since section 40.10 explicitly states, "The following definitions are applicable to this article", which is an article of the CPL addressed to double jeopardy. The dissent fails to cite any authority for the proposition that CPL 40.10 and 200.30 are to be read in conjunction.

Furthermore, an examination of CPL 200.30 in its entirety indicates that what it seeks to preclude is not that which is presented here. Subdivision 2 of section 200.30 commences by stating, "For purpose of this section". Subdivision 2 thereby shows that its purposes is to explain and clarify what is meant by subdivision 1 of section 200.30. Subdivision 2 then goes on to indicate that where factual allegations of a count of an indictment would support a conviction under more than one subdivision of a statutory provision defining an offense, the count must specify the particular subdivision violated (cf. *People v Richlin,* 74 Misc 2d 906). Accordingly, section 200.30 makes apparent what type of indictment is to be avoided. Such an indictment is clearly not present here since the

second count did not allege facts which would support a conviction under more than one subdivision of the first degree robbery statute (Penal Law, § 160.15) but only under subdivision 4 of section 160.15 of the Penal Law.

The test for duplicity of a count of an indictment has been stated to be whether the defendant could be convicted of either one of the crimes charged therein if the District Attorney elects to waive the other (People v Klipfel, 160 NY 371, 374; People v Rosado, 64 AD2d 172, 177). In discussing the problems presented by a duplicitous indictment, the United States Court of Appeals, in United States v Starks (515 F2d 112, 116-117), stated the following: "One vice of duplicity is that a general verdict for a defendant on that count does not reveal whether the jury found him not guilty of one crime or not guilty of both. Conceivably this could prejudice the defendant in protecting himself against double jeopardy. Another vice of duplicity is that a general verdict of guilty does not disclose whether the jury found the defendant guilty of one crime or of both. Conceivably, this could prejudice the defendant in sentencing and in obtaining appellate review. A third vice of duplicity is that it may prejudice the defendant with respect to evidentiary rulings during the trial, since evidence admissible on one offense might be inadmissible on the other."

In applying these principles here, the lack of duplicity becomes apparent beyond peradventure since it is clear that the defendant could be convicted under count two only if the prosecutor proves that the defendant robbed the bank by robbing the three tellers. This is not a situation where the language of a count of an indictment is drawn so ambiguously as to relate to separate criminal indictments (cf. People v Rosado, supra). There is only one crime which the defendant was charged with, namely, bank robbery via the three tellers. Of course, it is self-evident that if the essence of the crime was not robbery of the bank but of three individuals, grouping them into one count would create a duplicitous indictment. However, as previously indicated, such is not the case here.

Finally, it need be said that even if the indictment were duplicitous, the judgment of conviction should, nevertheless, be affirmed. The defendant did not raise any objection of duplicity during the trial (see CPL 210.20, 255.20). While a jurisdictional defect may be raised for the first time on appeal (cf. People v Soto, 44 NY2d 683; People v Hendricks, 31 AD2d 982), the defect alleged here is not jurisdictional. As stated in

*People v Iannone* (45 NY2d 589, 600, *supra*), "an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime. For example, an indictment will be jurisdictionally defective if the acts it accuses defendant of performing simply do not constitute a crime (see *People v Case,* 42 NY2d 98), or if it fails to allege that a defendant committed acts constituting every material element of the crime charged (see *People v McGuire,* 5 NY2d 523)."

The indictment here effectively charged the defendant with the commission of a crime and defendant's failure to raise the issue in the County Court constituted a waiver of any objection based on CPL 200.30. Accordingly, since the other contentions raised by defendant on appeal lack merit, the judgment should be affirmed.

COHALAN, J. (concurring in part and dissenting in part). Count two of the instant indictment for robbery in the first degree charges, *inter alia,* that the defendant "forcibly stole certain property from Rebecca Kalbfliesch, Linda Murray and Jack Dafgard". The defendant argues that this count is void as duplicitous within the meaning of CPL 200.30 (see *People v Rosado,* 64 AD2d 172, 177-178; *People v Richlin,* 74 Misc 2d 906, 907-908). I agree and therefore vote to modify the judgment by reversing the conviction under count two and dismissing that count. CPL 200.30 (subd 1) mandates that each "count of an indictment may charge one offense only." CPL 40.10 (subd 1) further provides that one "criminal transaction also establishes separate and distinct offenses when, though violating only one statutory provision, it results in * * * loss or other consequences to two or more victims, and such result is an element of the offense as defined. In such case, *as many offenses are committed as there are victims"* (emphasis supplied). In the instant case, the defendant's conduct resulted in a forced taking of property from three separate victims and, hence, under the foregoing statute, must constitute three separate offenses. Since three separate offenses were alleged to have been committed, joinder of these accusations under a single count of the indictment violated the prohibition against duplicitous counts contained in CPL 200.30.

HOPKINS, J. P., and LAZER, J., concur with MARTUSCELLO, J.; COHALAN, J., concurs insofar as the majority has affirmed the conviction under count three of the indictment, but otherwise

dissents and votes to reverse the conviction under count two of the indictment and to dismiss that count, with an opinion.

Judgment of the County Court, Nassau County, rendered May 5, 1978, affirmed.