OPINION OF THE COURT
Nicholas A. Clemente, J.
The defendant moves to dismiss the indictment herein, premising his motion upon speedy trial grounds (CPL 30.30, subd 1, par [a]).
The defendant is accused of two counts of burglary in the second degree, one count of criminal possession of a weapon in the second degree, and two counts of menacing. The substance of the charges is that on April 6, 1980 the defendant and another, while armed with a loaded firearm, entered and remained unlawfully in the apartment of Joan Breland.
*878 The charges do not arise from a classic burglary situation in that the breaking and entering occurred, not with the intent to steal, but rather, to injure Joan Breland’s son. After searching the apartment and satisfying themselves that their quarry was not there, the defendant and his confederate left the apartment.
Thereafter, as Police Officer Kevin McEvery was walking out of the 79th Precinct station house, he was approached by Mrs. Breland. She pointed to the corner of Lexington and Tompkins and told the officer that a man there had a gun. McEvery and his partner, Officer Doss, drove to the subject corner where they found defendant. McEvery advised him to put his hands up. As defendant’s hands went in the air, a revolver fell to the ground from underneath his raincoat. Defendant was thereupon arrested. At the station house Mrs. Breland informed the police of what had transpired in her apartment. That information became the basis of the indictment against the defendant.
There would be nothing out of the ordinary about this prosecution except for the fact that the paper purporting to be the indictment served upon the defendant on May 29, 1980 was not the one the Grand Jury voted against the defendant. In point of fact he was not served with the indictment actually voted against him until February 18, 1981, the day the case was scheduled to go to trial. This valid indictment charged the defendant with two counts of burglary in the second degree, one count of criminal possession of a weapon in the second degree, and two counts of menacing. The purported indictment initially served upon the defendant on May 29, 1980 contained two counts of burglary in the second degree, only one count of menacing, and one count of criminal possession of a weapon in the third degree.
At the moment of trial the mistake was discovered. (Since the District Attorney found it impossible to locate the complaining witnesses, he had agreed to dismiss the more serious burglary charges as well as the menacing counts and proceed solely on the weapons charge.) This motion to dismiss the indictment followed.
*879 Defendant, whose pretrial incarceration approached one year, essentially contended that he had never been arraigned on the valid indictment; that the People were not ready to proceed to trial within the time requirements of CPL 30.30 (subd 1, par [a]) and that his right to due process had been denied.
The People assert that, notwithstanding any mixup between the indictments, the defendant has not been prejudiced since he was apprised of the charges against him. They further argue that the time requirements of CPL 30.30 (subd 1, par [a]) have been complied with.
CPL 210.15 (subd 1) provides “Upon the defendant’s arraignment before a superior court upon an indictment * * * the district attorney must cause him to be furnished with a copy of the indictment.”
“The primary function of an indictment is to inform a defendant of the crimes with which he is being charged, and to do so with sufficient fullness and clarity so as to allow him to prepare for trial (People v Dairylea Coop., 66 AD2d 974, 975)” (People v Branch, 73 AD2d 230, 231-232).
Where an indictment fails in this mission and provides a paucity of information, defendant’s remedy ordinarily lies in the discovery and a bill of particulars (see People v Iannone, 45 NY2d 589, 599). In the case at bar the People served a bill of particulars dated July 18, 1980, which reveals that the focus of the People’s case was defendant’s action in the Breland apartment. Based on the People’s bill of particulars, defendant had every right to believe that the People would prove that he or his codefendant possessed a gun in Breland’s apartment. The People in the indictment actually voted against defendant, charged him with criminal possession of a weapon in the second degree, in that he knowingly and unlawfully possessed a loaded firearm with intent to use it unlawfully against another. The evidence, as adduced at the suppression hearing, shows that this charge, with its element of intent to use the firearm against another, could be sustained by the People only by showing what happened in Breland’s apartment.
As previously stated, the People indicated in their bill of particulars that their case was based on defendant’s action *880 in Breland’s apartment. However, due to Breland’s absence, the People’s case, as presented at any trial, would have to rely on the fact that defendant possessed a gun when arrested by McEvery on the street. This could only sustain a charge of criminal possession of a weapon in the third degree.
What ultimately emerges is that the defendant never had any reason to believe, either from the purported indictment or the bill of particulars, that at trial he would have to defend against the charge that he possessed a weapon at the time of arrest.
Perhaps, most importantly, as indicated by the actual indictment, the bill of particulars, and an inspection of the Grand Jury minutes, even the District Attorney believed that the locus of the crime was the Breland apartment.
The District Attorney cannot now benefit from the fortuitous fact that the indictments were vague enough to cover two different places. Therefore, the indictments served on defendant failed to fulfill the primary function of an indictment (see People v lannone, supra; People v Branch, supra), and dismissial of the charges is warranted.
 Finally, even if the afore-mentioned infirmity is disregarded, dismissal of the indictment is, nevertheless, mandated. The action against the defendant commenced on April 6, 1980, the date of arraignment on the felony complaint (People v Osgood, 52 NY2d 37). Therefore, the People were required to be ready for trial within six months of said date (CPL 30.30, subd 1, par [a]). Obviously, before the People could be ready for trial, they had to serve the defendant with an indictment which, as indicated supra, he was entitled to by statute (CPL 210.15, subd 1). The purported indictment served on defendant May 29, 1980 was not the indictment voted against him by the Grand Jury. Therefore, it was without validity.
Accordingly, all the proceedings conducted in the case from May 29, 1980 until February 18, 1981, when the correct indictment was finally served, must be considered of no effect. It follows that the People were not ready for trial during such period. The period exceeds six months and when the People became ready for trial on February *881 18, 1981 defendant’s right to a speedy trial had already been violated. Accordingly, I am left with no alternative but to grant defendant’s motion to dismiss the indictment (CPL 30.30, subd 1, par [a]).