■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MURPHY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered March 6, 1981, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and case remitted to Criminal Term for a new trial on the charge of criminally negligent homicide. Defendant was indicted for manslaughter in the second degree. The jury was charged as to the manslaughter, and, also, at the request of the prosecution, criminally negligent homicide as a lesser included offense. The jury acquitted defendant of manslaughter, but found him guilty of criminally negligent homicide. Defendant's arguments to the contrary notwithstanding, we find that the trial court correctly submitted to the jury the crime of criminally negligent homicide as a lesser included offense of manslaughter in the second degree. The essential distinction between manslaughter in the second degree as charged and criminally negligent homicide is the state of mind of the actor. In the former, the actor is aware of the substantial and unjustifiable risk of death but consciously chooses to disregard it in a gross deviation from a reasonable standard of care. (Penal Law, § 15.05, subd 3.) The latter offense requires the actor to fail to perceive the risk of death inherent in his act and for this failure to constitute a gross deviation from a reasonable standard of care. (Penal Law, § 15.05, subd 4; cf. *People v Stanfield*, 36 NY2d 467; *People v Strong*, 37 NY2d 568.) In the instant case, the jury could have found that defendant did not perceive the risk that the victim would be killed when he raised his gun to the victim's head. The record indicates that defendant drew his gun, not with the intent to harm the victim, but rather, to coerce him to give up a weapon. This conclusion is supported by Robert Meklosky's testimony that defendant had telephoned him the day after the shooting and informed him that the shooting was an accident and that he just wanted to scare the victim. Hence, it would appear that defendant might not have perceived the risk of death, especially since it appears that he was somewhat intoxicated when he aimed and cocked the gun. In light of the foregoing circumstances, there was a reasonable view of the evidence presented to the jury which made it proper for the court to charge criminally negligent homicide as a lesser included crime of manslaughter in the second degree. However, reversal is required because the cumulative effect of numerous errors committed by the trial court deprived defendant of a fair trial. Among the errors committed were the improper limitation of the cross-examination of Robert Meklosky, the refusal to allow an answer to a hypothetical question posed to the People's medical expert, and the refusal to permit defense counsel to examine the entire Grand Jury testimony of two of his

witnesses for purposes of rehabilitation after the prosecutor had utilized portions of the Grand Jury testimony in cross-examination for the purpose of impeaching those witnesses. Furthermore, particularly in light of the serious nature of the crimes charged, after the Trial Judge, upon overnight consideration, changed his ruling and decided to charge the lesser included offense of criminally negligent homicide, he should have granted defense counsel's reasonable request for a 40-minute adjournment during which he could restructure his summation, instead of confining him to 10 minutes. The totality of the circumstances indicates that defendant was deprived of his basic right to a fair trial. Accordingly, a new trial is necessary on the charge of criminally negligent homicide. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.