■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS PASCHALL, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered April 6, 1981, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics*, 57 NY2d 726). Shortly after 8:30 P.M. on June 13, 1980, at the intersection of Albany Avenue and Smith Street, Amityville, New York, defendant and the decedent, Leon Maxwell, were in a fight. During the course of the altercation, Maxwell was stabbed in the side and received a laceration on the left forearm. Notwithstanding these wounds, after the fight Maxwell told a friend, Willie Morant, that he was all right and he walked on his own to his home on Smith Street, a distance of more than 300 feet. Morant saw the fight, but he did not see a knife and was apparently unaware that Maxwell was seriously injured. Nor did any other witness for the People testify that he saw a knife, or the wounds actually being inflicted. Maxwell arrived at his home at about 8:50 P.M. His wife telephoned his mother, Eva Maxwell, who arrived a few minutes after 9. Eva asked her son who had stabbed him; he replied that she would not know the assailant. The women drove him to Brunswick Hospital. In the emergency room at 9:25 P.M., Eva again asked her son who his assailant was; he replied, "Louis Paschall". This statement by him was admitted at trial, under the "excited utterance" exception to the hearsay rule. Defendant testified in his own behalf. In his version of the fight, Maxwell was the instigator and the one who produced the knife. During the struggle the knife fell to the ground. Defendant grabbed it when Maxwell threw him down. Defendant then slashed Maxwell's arm and stabbed him in the side when Maxwell began to choke him. Maxwell died in the hospital on the evening of June 16, 1980. According to the physician who performed the autopsy, Maxwell died from acute peritonitis, an infection of the abdominal cavity, which developed because of the knife wound in his side. Among the several difficult factual questions presented to the jury to resolve was the issue of whether the prosecution disproved the defense of justification beyond a reasonable doubt. Two errors occurred during the trial which lead us to conclude that if they had not been committed, the jury may have found that the People had not met this burden. Dr. Donald Jason, the physician who performed the autopsy, testified over objection that in the field of forensic pathology there is a technical term known as a "defense wound". He defined it as "a wound caused by the knife being warded off by a person at [whom] it is aimed * * * it is an incised wound that is made by the sharp edge of the knife." Dr. Jason further testified that the slash on Maxwell's arm fit this definition. Such testimony was improper. An expert is allowed to express an opinion on matters involving " 'professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " (*Selkowitz v County of Nassau*, 45 NY2d 97, 102, quoting from *Dougherty v Milliken*, 163 NY 527, 533). Whether the incision on Maxwell's arm was caused by warding off a blow or by some other means is not a fact uniquely within an expert's knowledge. Furthermore, it was for the jury to assess the credibility of the witnesses. By stating that the wound was defensive in nature, the expert usurped this function and expressed an opinion on the ultimate issue to be resolved by the jury (see *Kulak v Nationwide Mut. Ins. Co.*, 40 NY2d 140, 147; *People v Ciaccio*, 47 NY2d 431, 438-439; *People v Higgins*, 5 NY2d 607, 627). The second critical error occurred during the testimony of one Kenneth Lawrence. While Lawrence saw the fight, he did not see a knife. However, he testified that he did see defendant reach into his pocket and pull out a "black handle". Over objection, Lawrence was then allowed to testify that

on some previous occasion he had seen defendant with a "similar black object". The object he had previously seen was a knife, about 12 inches in length. He did not testify as to when he saw this knife, or if he saw it in defendant's possession on more than one occasion. The fact that on some prior occasion defendant possessed a knife, without more, is of slight and conjectural significance (cf. *People v Feldman,* 299 NY 153, 168-170). The potential for prejudice, particularly on the question of who introduced a knife into the fray, was great. There was no testimony that the knife previously seen was involved in the killing (cf. *People v Hill,* 198 NY 64). There was no indication that Lawrence saw this knife at a time close enough to the event so as to imply that defendant likely still retained it in his possession (see 1 Wigmore, Evidence [3d ed], § 83). There was no testimony that defendant habitually carried a knife (see Richardson, Evidence [Prince, 10th ed], § 185; 1 Wigmore, Evidence [3d ed], § 92). In short, the People failed to establish a foundation for the introduction of this testimony. Further error was committed in the introduction of Maxwell's declaration to his mother that his assailant was "Louis Paschall". Considering all the factors set forth in *People v Edwards* (47 NY2d 493), it cannot be said that this statement comes under the excited utterance exception to the hearsay rule. Since defendant was indicted for murder in the second degree but convicted of manslaughter in the first degree, the indictment must be dismissed (see *People v Beslanovics, supra*). In the event defendant is reindicted for manslaughter or any other appropriate offense, we think it proper to caution the trial court with respect to the jury instruction on justification. While the court did inform the jury that it was incumbent on the People to disprove the claim that defendant was acting in self-defense, the court also told the jury that it "must be satisfied * * * of the existence" of the facts alleged by defendant. We need not determine whether the charge, when considered as a whole, was improper. Suffice it to say that the instructions were confusing, and, in the event of a reindictment and retrial, care should be taken to make clear that defendant does not bear the burden of proving justification (see *People v Soto,* 38 AD2d 734). We have considered defendant's remaining contentions on appeal and find them to be without merit. Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.