(August 15, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BOOMER, Appellant. [646 NYS2d 725] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered May 12, 1994, upon a verdict convicting

defendant of the crimes of attempted murder in the first degree (three counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree (three counts), attempted aggravated assault on police officer (three counts) and criminal possession of a controlled substance in the fifth degree.

The facts giving rise to this appeal appear in our prior decision (220 AD2d 833), in which we remitted this matter to County Court for a hearing regarding the "nearly six-month delay between September 11, 1991, the date of County Court's [Turner, Jr., J.] omnibus discovery order, and March 4, 1992, the date of the commencement of the suppression hearing" (*supra*, at 837). We also directed that a record be made of when the Grand Jury minutes were produced in accordance with the September 11, 1991 omnibus discovery order. Upon remittal, a hearing was held following which County Court (Keegan, J.) found that the Grand Jury minutes were produced "around the third or fourth week of September of 1991" and that the delay between the discovery order and commencement of the suppression hearing was due to calendar congestion, not prosecutorial inaction.

We affirm. The testimony adduced at the hearing established that it was Judge Turner's practice to order Grand Jury minutes for a review as to their sufficiency and, further, that it was only in cases where the evidence was insufficient that a decision would be rendered. In all other cases, the minutes simply were returned to the District Attorney without further action by the court. Thus, it is not surprising that when the matter was assigned to Judge Keegan, there was nothing in the file relating to the sufficiency of the Grand Jury minutes. That evidence also explains the need to produce the minutes on April 4, 1994 so that Judge Turner could make a formal determination in accordance with Judge Keegan's request.

The testimony at the hearing also established that it was the practice of the Assistant District Attorney to personally deliver Grand Jury minutes to the court within three to four weeks of the court's order therefor. Although the Assistant District Attorney recalled taking the minutes to the court in or about September 1991, he did not remember the exact date that he delivered them. It has long been the rule that evidence of habit is generally admissible to demonstrate specific conduct on a particular occasion (*see, e.g., Halloran v Virginia Chems.*, 41 NY2d 386). Indeed, in a case not wholly dissimilar to the case at bar, we held that a legal secretary's habitual practice with regard to depositing notices in the County mail room consti-

tuted probative evidence that she followed that practice with respect to the transmittal of a notice of readiness, thus satisfying compliance with CPL 30.30 (1) (*see, People v Johnson,* 190 AD2d 910, 911). Accordingly, the testimony of the Assistant District Attorney, if credited by the hearing court as it was, was sufficient to establish that the Grand Jury minutes were delivered to County Court within four weeks of the time they were requested. Additionally, the record makes plain that the delay in scheduling the suppression hearing was the result of calendar congestion rather than prosecutorial inaction. Accordingly, defendant's motion to dismiss based upon statutory speedy trial grounds was properly denied.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.