THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC LO PICCOLO, Appellant. [733 NYS2d 560] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (two counts) (Penal Law § 125.25 [1], [3]), robbery in the first degree (two counts) (Penal Law § 160.15 [1], [2]), and criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). Defendant was sentenced to concurrent terms of incarceration, the longest of which are 25 years to life.

Supreme Court did not err in admitting evidence of the victim's business habits. "It has long been the rule that evidence of habit is generally admissible to demonstrate specific conduct on a particular occasion" (*People v Boomer,* 230 AD2d 941, 942, *lv denied* 89 NY2d 919; *see, Halloran v Virginia Chems.,* 41 NY2d 386, 390-391). Habit evidence is probative when it relates to one's routine business or professional undertakings (*see, Halloran v Virginia Chems., supra,* at 391-392; *Soltis v State of New York,* 188 AD2d 201, 203; *Rigie v Goldman,* 148 AD2d 23, 26). Such evidence also may be adduced in order to establish one's personal habit or routine (*see, People v Medina,* 130 AD2d 515, 516, *lv denied* 70 NY2d 715; *People v Gonzalez,* 100 AD2d 852), including one's habit of carrying a particular item on one's person (*see, People v Paschall,* 91 AD2d 645, 646). The People thus were properly permitted to establish that it was the business and personal practice of the victim to carry large sums of money on his person. Moreover, the People established an adequate foundation for introduction

of such evidence, in particular, "a sufficient number of instances of the conduct in question" (*Halloran v Virginia Chems., supra,* at 392). They presented four witnesses who testified that the victim, as a matter of routine, "always" carried large amounts of cash on his person for specified purposes.

The evidence is legally sufficient to support the conviction. Circumstantial and scientific evidence fixed the time of the killing at about 7:00 P.M. on April 22, 1992, and eyewitnesses placed defendant at the scene at that time. The identity of defendant as the killer is buttressed by proof of his immediate, exclusive, and otherwise unexplained possession of the victim's keys, his attempts to steal the victim's car, and his telling of critical lies when confronted. Consequently, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley,* 69 NY2d 490, 495; *see, People v Norman,* 85 NY2d 620). In addition, the verdict is not against the weight of the evidence. It cannot be said that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley, supra,* at 495). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Fricano, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.