■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SETH BUTCHER, Appellant. [782 NYS2d 339]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered December 10, 2001. The judgment convicted defendant, upon a jury verdict, of criminally negligent homicide and criminal injection of a narcotic drug.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminally negligent homicide (Penal Law § 125.10) and criminal injection of a narcotic drug (§ 220.46). We reject the contention of defendant that County Court erred in refusing to suppress statements that he made in his home to the police before receiving his *Miranda* warnings. The court was entitled to credit the testimony of the police officers with respect to the circumstances under which those statements were made (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]), and thus the court properly determined that the statements were not the product of custodial interrogation (*see People v Schultz*, 176 AD2d 1239, 1240 [1991], *lv denied* 79 NY2d 832 [1991]). We therefore reject the further contention of defendant that his subsequent statements, made after he received his *Miranda* warnings, were tainted by the earlier statements. In any event, those subsequent statements "followed a pronounced break in the interrogation [that] attenuated any taint from the earlier questioning" (*People v James*, 253 AD2d 438, 440 [1998], *lv denied* 92 NY2d 926 [1998]).

Defendant further contends that the court erred in charging

criminally negligent homicide as a lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]). We reject that contention. Defendant concedes that the first prong of the test set forth in *People v Glover* (57 NY2d 61, 63 [1982]) is met, i.e., it is impossible to commit the greater crime without by the same conduct committing the lesser crime (*see People v Heide,* 84 NY2d 943 [1994]). Contrary to defendant's contention, however, the second prong of the *Glover* test is also met, i.e., there is a reasonable view of the evidence to support a finding that defendant "fail[ed] to perceive the risk of death inherent in his act[ions]" and thus that he committed the lesser offense but not the greater (*People v Murphy,* 88 AD2d 1000, 1000 [1982]; *see generally Heide,* 84 NY2d at 944; *Glover,* 57 NY2d at 63).

Defendant further contends that the court erred in denying his pretrial motion to dismiss the indictment, which was based in relevant part on his contention that the integrity of the grand jury proceeding was impaired by the use of hearsay testimony and that he was prejudiced thereby (*see* CPL 210.35 [5]). We reject that contention. As the Court of Appeals wrote in *People v Huston* (88 NY2d 400, 409 [1996]), "not every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective. Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment." Here, there was ample evidence apart from the hearsay testimony to support the indictment (*see People v Carey,* 241 AD2d 748, 750-751 [1997], *lv denied* 90 NY2d 1010 [1997]).

Also contrary to defendant's contention, the court properly admitted the testimony of three nurses concerning the procedures followed at their respective hospitals upon receiving a telephone call in the emergency room regarding a potential overdose victim. We conclude that the testimony was properly admitted as evidence of habit, which "is generally admissible to demonstrate specific conduct on a particular occasion" (*People v Boomer,* 230 AD2d 941, 942 [1996], *lv denied* 89 NY2d 919 [1996]; *see People v Lo Piccolo,* 288 AD2d 913 [2001], *lv denied* 97 NY2d 730 [2002]). Also contrary to defendant's contention, the court properly admitted the testimony of one of the nurses concerning her telephone conversation with an unidentified male during the time period at issue regarding his friend, who was unconscious as a result of an overdose (*see generally People v Scarola,* 71 NY2d 769, 777 [1988]). Finally, the court properly ordered defendant to pay restitution (*see People v Knowles,* 293 AD2d 770, 771 [2002]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.