■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS MARTIN, Appellant. [826 NYS2d 872]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered May 25, 2001. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, attempted rape in the first degree, burglary in the second degree, sexual abuse in the first degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of sodomy in the first degree (Penal Law former § 130.50 [3]), attempted rape in the first degree (§§ 110.00, 130.35 [3]), burglary in the second degree (§ 140.25 [2]), sexual abuse in the first degree (§ 130.65 [3]) and two counts of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to specify the basis for his motion seeking dismissal of the indictment at the close of proof and therefore failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (see People v Gray, 86 NY2d 10, 19 [1995]). Defendant also failed to preserve for our review his contention that the evidence supporting the conviction of sexual abuse in the first degree is not independent of the evidence supporting the conviction of attempted rape in the first degree (see CPL 470.05 [2]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The 10-year-old victim and her seven-year-old brother testified that they were awakened in the night by defendant and that defendant, inter alia, orally sodomized the victim and then left the bedroom through an open window. The children's mother testified that she observed defendant standing outside the window from which the window fan had been removed. The jury was entitled to credit the testimony of those witnesses rather than crediting the testimony

of defendant denying that he had entered the residence and had committed those acts (*see id.; People v Gritzke*, 292 AD2d 805 [2002], *lv denied* 98 NY2d 697 [2002]).

We also reject defendant's contention that Supreme Court abused its discretion in denying the request of defense counsel for a one-day adjournment to prepare his summation (*see People v Singleton*, 41 NY2d 402, 405 [1977]; *People v Williams*, 302 AD2d 903 [2003]; *cf. People v Murphy*, 88 AD2d 1000, 1001 [1982]). The court had advised defense counsel the previous day that summations would begin that afternoon, and the record establishes that the court nevertheless adjourned the proceedings for an additional one-hour period after a nearly two-hour recess in order to permit defense counsel to complete his summation. We further conclude that the court did not abuse its discretion in precluding the testimony of a defense witness upon determining that the testimony was not relevant and lacked any probative value (*see generally People v Aska*, 91 NY2d 979, 981 [1998]).

Defendant failed to demonstrate that he was "deprived of a fair trial by less than meaningful representation" (*People v Flores*, 84 NY2d 184, 187 [1994]; *see People v Benevento*, 91 NY2d 708, 713 [1998]). The sentence is not unduly harsh or severe. Finally, we reject the contention of defendant that he is entitled to a new trial as a matter of discretion in the interest of justice. Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.