# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

277

KA 12-02083

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                          MEMORANDUM AND ORDER

CHRISTOPHER CONKLIN, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), dated November 1, 2012.  The order granted that part of defendant's omnibus motion seeking to dismiss the indictment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of defendant's omnibus motion seeking to dismiss the indictment is denied, the indictment is reinstated and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum:  On appeal from an order that granted that part of defendant's omnibus motion seeking to dismiss the indictment pursuant to CPL 210.35 (5), the People contend that Supreme Court erred in determining that the integrity of the grand jury proceedings had been compromised due to prosecutorial misconduct.  We agree with the People.  " '[D]ismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Sheltray*, 244 AD2d 854, 855, *lv denied* 91 NY2d 897; *see People v Huston*, 88 NY2d 400, 409).  As the Court of Appeals has stated, "not every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective" (*Huston*, 88 NY2d at 409; *see People v Butcher*, 11 AD3d 956, *lv denied* 3 NY3d 755).

Here, the court stated in its written decision that the grand jury proceeding was defective due to the prosecutor's cross-examination of defendant and "the insufficiency of [the prosecutor's] curative instruction."  Although the court did not specify the basis for its conclusion that the cross-examination was defective, it appears that the court was concerned that the prosecutor asked

defendant whether he was aware that the complainant made a recording of the incident between them that led to the criminal charges. In response, defendant testified that, yes, he had "been told" that there was a recording, whereupon the prosecutor asked whether he was still willing to testify that he did not raise his voice or become upset during the incident. Defendant responded, "I didn't really become upset. No." No evidence of a recording was presented to the grand jury, and the complainant, who had testified before defendant, had not been asked whether she made a recording.

We conclude that, in the absence of any indication in the record that the prosecutor lacked a good faith basis to ask defendant whether he was aware that the complainant had recorded the incident, the court erred in determining that the prosecutor engaged in misconduct during his cross-examination that warrants dismissal of the indictment. Indeed, given that defendant testified that he had been told that there was a recording, it appears that the prosecutor in fact had a good faith basis to ask the question. In any event, we do not perceive how defendant could have been prejudiced by the prosecutor's cross-examination. As noted, when asked whether he was aware that there was a recording, defendant stated that he would adhere to his testimony that he did not raise his voice and did not become upset during the incident. Thus, the prosecutor's apparent attempt at impeachment not did succeed. If anything, the prosecutor's reference to the recording and the failure of the prosecutor to present evidence of such a recording worked to defendant's benefit. We also note that the complainant's testimony was legally sufficient to establish that defendant committed the charged crime even if he did not raise his voice or become upset during the incident.

We further conclude that the prosecutor did not engage in misconduct when, in response to questions whether the complainant made a recording, he instructed the grand jury members that he did not have any further evidence and that they should make their "decision based on the testimony you heard in the grand jury from the witnesses." When a grand jury member then asked, "Does that mean there is [no recording]," the prosecutor responded, "You can certainly consider the testimony that you heard. That's the best answer I can give you. And nothing that you didn't hear." Even assuming, arguendo, that defendant is correct that the prosecutor should have instructed the grand jury members that they could re-call the complainant to ask her whether a recording existed, we conclude that the prosecutor's failure to do so was not fraudulent in nature or so egregious as to impair the integrity of the proceeding. We therefore reverse the order, deny that part of defendant's omnibus motion seeking to dismiss the indictment and reinstate the indictment.

Entered: April 26, 2013                    Frances E. Cafarell
                                           Clerk of the Court