# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1002**

**KA 13-00052**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

JOSEPH ELIOFF, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (Donald E. Todd, A.J.), dated August 7, 2012. The order, insofar as appealed from, granted without prejudice that part of the motion of defendant seeking to dismiss the indictment on the grounds of defective grand jury proceedings.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, that part of defendant's omnibus motion seeking to dismiss the indictment is denied, the indictment is reinstated and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: On appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment pursuant to CPL 210.35 (5), the People contend that County Court erred in determining that the integrity of the grand jury proceedings had been compromised by prosecutorial misconduct and in dismissing the indictment on that ground. We agree.

" '[D]ismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Sheltray*, 244 AD2d 854, 855, *lv denied* 91 NY2d 897; *see People v Huston*, 88 NY2d 400, 409). As the Court of Appeals has stated, "not every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective. Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*Huston*, 88 NY2d at 409; *see People v Jeffery*, 70 AD3d 1512, 1513; *People v Butcher*, 11 AD3d 956, 958, *lv denied* 3 NY3d 755).

Here, the prosecutor was required to establish that the four-year-old victim could provide unsworn testimony, but failed to do so (*cf. People v Raymond*, 60 AD3d 1388, 1388, *lv denied* 12 NY3d 919). The prosecutor also violated the unsworn witness rule during an attempt to persuade the child to testify about the incident (*see generally People v Paperno*, 54 NY2d 294, 300-301). Nevertheless, we conclude that the prosecutor did not thereby engage in conduct that was fraudulent in nature, nor was the prosecutor's conduct so egregious as to impair the integrity of the grand jury proceedings (*see People v Conklin*, 105 AD3d 1387, 1389; *People v Carey*, 241 AD2d 748, 751, *lv denied* 90 NY2d 1010; *cf. Huston*, 88 NY2d at 409-410). We further conclude that the remaining evidence is legally sufficient to sustain the indictment. Contrary to defendant's contention, the lack of direct testimony of penetration does not compel the conclusion that the evidence is legally insufficient to support the count of the indictment charging him with predatory sexual assault against a child (Penal Law § 130.96), insofar as that count is based upon commission of the crime of rape in the first degree (§ 130.35 [2]). Although we disregard the evidence provided by the victim due to the prosecutor's failure to establish that the victim had the capacity to provide unsworn testimony, we note that "[t]he girl's inability to testify with respect to penetration is not . . . conclusive . . . [where, as here,] other evidence existed from which that fact could be established" (*People v Carroll*, 95 NY2d 375, 383; *see People v McDade*, 64 AD3d 884, 886-887, *affd* 14 NY3d 760). Here, witnesses testified that the victim made a prompt complaint, that her vaginal area was bruised and had abrasions and a tear, and that semen with DNA consistent with defendant's DNA was found in her underwear. Inasmuch as the admissible evidence is legally sufficient with respect to all three counts, the court erred in dismissing the indictment.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court