■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAYNARD M. LATOUR, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Oswego County Court, Brandt, J.—Criminal Possession Weapon, 3rd Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. DOXEY, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Allegany County Court, Feeman, Jr., J.—Endangering Welfare of Child.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE D. JABLONSKI, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly permitted the prosecutor to impeach the prosecution witness Lux by use of her prior inconsistent written statement. The fact that the prosecutor was not surprised by Lux's denial that the defendant told her he had burglarized the furniture store and had taken coins and television sets from the store did not preclude the prosecutor from seeking to impeach Lux (see, People v Magee, 128 AD2d 811, lv denied 70 NY2d 650). There is no indication that the prosecutor called Lux in "bad faith" simply to use her presence to introduce prior statements that would otherwise be inadmissible. Lux gave significant testimony incriminating defendant. Moreover, because the trial court had warned Lux about the consequences of perjury and had appointed an attorney to advise her, the prosecutor had a good faith basis to expect that, when she was called as a witness, she would testify in accordance with her prior written statement. (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Burglary, 3rd Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.