SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

117
KA 12-00186
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHEYENNE J. RUSSAW, JR., DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered October 17, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Defendant failed to preserve for our review his contention that County Court committed several errors in allowing the jurors to take notes and in instructing the jurors with respect to note-taking, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Green*, 35 AD3d 1197, 1198, *lv denied* 8 NY3d 922; *People v Valiente*, 309 AD2d 562, 562, *lv denied* 1 NY3d 602). Contrary to defendant's further contention, the evidence is legally sufficient to establish that he constructively possessed the controlled substance. "Where . . . there is no evidence that defendant actually possessed the controlled substance, the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized" (*People v Pichardo*, 34 AD3d 1223, 1224, *lv denied* 8 NY3d 926 [internal quotation marks omitted]; *see People v Manini*, 79 NY2d 561, 573; *see also* § 10.00 [8]). Here, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678; *People v Williams*, 84 NY2d 925, 926), is legally sufficient to establish that defendant constructively possessed the controlled substance (*see generally People v Bleakley*, 69 NY2d 490, 495). Also contrary to defendant's

contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contentions that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147), and that the sentence is unduly harsh and severe.  Finally, we have reviewed defendant's remaining contention and conclude that it does not require reversal or modification of the judgment of conviction.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court