# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**315**

**KA 11-02125**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD WALKER, ALSO KNOWN AS SHORTY,
DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered March 11, 2011. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he was deprived of a fair trial by instances of prosecutorial misconduct during, inter alia, the prosecutor's cross-examination of him. Initially, we note that only some of the instances raised on appeal are preserved for our review, and we decline to exercise our power to address the unpreserved instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to those contentions that are preserved for our review, we note that, "where, as here, the defendant's testimony leaves open only the suggestion that the People's witnesses have lied . . . , the prosecution has the right to [cross-examine defendant on the issue] whether the witnesses are liars" (*People v Overlee*, 236 AD2d 133, 139, *lv denied* 91 NY2d 976; *see People v Allen*, 13 AD3d 892, 897-898, *lv denied* 4 NY3d 883; *see also People v Morris*, 267 AD2d 1032, 1033, *lv denied* 95 NY2d 800). In any event, we conclude that defendant was not thereby denied a fair trial (*see People v Shinebarger*, 110 AD3d 1478, 1480; *People v Gonzalez*, 206 AD2d 946, 947, *lv denied* 84 NY2d 867).

Contrary to defendant's further contention, the prosecutor did not engage in prosecutorial misconduct on summation by vouching for

the credibility of the informant, and, in any event, the instances of alleged prosecutorial misconduct on summation of which defendant complains were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915; *see People v Halm*, 81 NY2d 819, 821). Furthermore, even assuming, arguendo, that the burden of proof was impermissibly shifted by other comments made by the prosecutor during summation (*see People v Grant*, 94 AD3d 1139, 1141, *lv denied* 20 NY3d 1099), we conclude that the comments were not so pervasive or egregious as to deny defendant a fair trial (*see People v Rogers*, 103 AD3d 1150, 1153-1154, *lv denied* 21 NY3d 946).

Defendant further contends that the verdict is contrary to the weight of the evidence in light of his acquittal of the first four counts of the indictment charging him with other sales of controlled substances on other days, and in light of the jury's apparent acceptance of his agency defense with respect to those counts. We reject that contention. Generally, "[w]e accord great deference to the resolution of credibility issues by the trier of fact 'because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record' " (*People v Ange*, 37 AD3d 1143, 1144, *lv denied* 9 NY3d 839, quoting *People v Lane*, 7 NY3d 888, 890; *see generally People v Bleakley*, 69 NY2d 490, 495). Here, the first four counts of the indictment were based entirely upon the testimony of a witness who was a paid police informant and an admitted drug user, and who had personal animus toward defendant, but the fifth count was also based on the testimony of an undercover sheriff's investigator who purchased the drugs at issue. Consequently, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), after exercising our factual review power and according deference to the jury's credibility determinations, we find that the People disproved the agency defense beyond a reasonable doubt with respect to the fifth count, of which defendant was convicted (*see People v Foster*, 50 AD3d 1559, 1559, *lv denied* 10 NY3d 934), and that the verdict is not contrary to the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court