# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1416**
**KA 12-02176**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TERRY COOPER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 2, 2012. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]) and assault in the second degree (§ 120.05 [2]). According to the trial testimony of the victim's sister, who was in the passenger seat of the victim's vehicle when the victim was engaged in the sale of marihuana to the codefendant, the codefendant held a gun to the victim's head. The victim's sister, who was screaming, then saw defendant at the passenger side of the vehicle. She testified that, when she exited the vehicle, which was parked under a street light, she saw that defendant was holding a knife, and she and defendant looked directly at each other while inches apart before she ran down the street. The victim's sister saw defendant stab the victim numerous times. Defendant was arrested when the victim's sister notified the prosecutor at the codefendant's preliminary hearing that the man who stabbed her brother was in the hall.

A police witness testified at trial that the victim's sister was unable to provide any identifying information when interviewed after the crimes occurred. The victim's sister admitted that she and the victim lied to the police regarding the location of the crime, and she stated that she did not tell police that the victim was selling marihuana when the crime occurred because she is the mother of four children and did not want to be connected to a drug sale. She

explained that her brother had picked her up from work where she had worked a 16-hour double shift and that he received a call on his cell phone while he was taking her home. Instead of taking her home, however, he proceeded to meet the caller to sell marihuana.

The victim refused to testify at trial, and Supreme Court held the victim in criminal contempt of court based upon that refusal, and sentenced him to 30 days' incarceration (*see* Judiciary Law § 750 [A] [3]; *People v Sweat,* 24 NY3d 348, 353-354). Contrary to defendant's contention, the court did not abuse its discretion in refusing to give a missing witness charge with respect to the victim. Although the victim was in the courtroom, he was "still . . . unavailable within the meaning of the [missing witness] rule" based upon his refusal to testify (*People v Savinon,* 100 NY2d 192, 198).

Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson,* 9 NY3d 342, 349), we conclude that the verdict, which is based primarily upon the testimony of a single eyewitness, is not against the weight of the evidence. Because we conclude that a different verdict would not have been unreasonable, we have reviewed the record and independently assessed the evidence (*see People v Delamota,* 18 NY3d 107, 116-117; *People v Bleakley,* 69 NY2d 490, 495). Although the victim's sister testified that she gave the police information regarding a physical description, the police witness testified that she was unable to do so. Nevertheless, the victim's sister "never wavered in her testimony" regarding the events or her identification of defendant (*People v Calabria,* 3 NY3d 80, 82). When she saw defendant in the hall outside of the courtroom where she had attended the codefendant's preliminary hearing, she promptly alerted the prosecutor. The victim's sister testified that, when she exited the vehicle, she was inches from defendant in well-lit conditions, albeit briefly and during a very stressful situation; she testified that she and defendant looked directly at each other and she noted his eyes and that she was taller than defendant. The police witness testified that defendant is 5 feet 5 inches tall and the victim's sister testified that she is 5 feet 9 inches tall. The victim's sister testified on cross-examination that she would never forget the faces of the men who injured her brother because she thought she and her brother would be killed that night. Giving "[g]reat deference . . . to the [jury's] opportunity to view the witness[ ], hear the testimony and observe [her] demeanor" (*Bleakley,* 69 NY2d at 495), we perceive no basis to substitute our credibility determination for that of the jury and conclude that the "jury was justified in finding that guilt was proven beyond a reasonable doubt" (*Delamota,* 18 NY3d at 117).

We reject defendant's further contention that he was denied a fair trial based on the People's failure to provide the report from testing DNA evidence in a timely manner (*see* CPL 240.20 [1] [c]). The court advised the jury of the contents of the report, which excluded defendant and the codefendant as donors of the DNA and determined that all DNA collected came from a single male donor. Furthermore, the reports were admitted in evidence at defendant's request. Where, as

here, the People's violation of their obligation did not substantially prejudice defendant, reversal is not required (*see People v Watson,* 213 AD2d 996, 997, *lv denied* 86 NY2d 804).

Defendant failed to preserve for our review his contention that he was denied his statutory right to a speedy trial inasmuch as he failed to make a motion to dismiss the indictment on the ground that the People were not ready to proceed to trial within six months (*see* CPL 30.30 [1] [a]).  In any event, the record is not sufficient for us to review the contention.  Because "the applicability of various exclusions is debatable" (*People v Brunner,* 16 NY3d 820, 821), and the record does not clearly support defendant's contention, we likewise reject defendant's further contention that he was denied effective assistance of counsel based upon defense counsel's failure to make a motion to dismiss the indictment on that ground (*cf. People v Clermont,* 22 NY3d 931, 932-934).  To the extent that defendant's contention concerning ineffective assistance of counsel involves matters that are outside the record on appeal, they must be raised by way of a motion pursuant to CPL 440.10 (*see generally People v Sweet,* 98 AD3d 1252, 1253, *lv denied* 20 NY3d 1015).

By failing to object to certain remarks made by the prosecutor during summation, defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Brown,* 120 AD3d 1545, 1545, *lv denied* 24 NY3d 1082).  In any event, we conclude that any improper remarks made by the prosecutor did not deny defendant a fair trial (*see People v Hendrix,* 132 AD3d 1348, 1348).  We also reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged instances of prosecutorial misconduct during summation and failure to obtain an expert regarding eyewitness identification.  Because the alleged improper remarks did not deny defendant a fair trial, he was not denied effective assistance of counsel based upon defense counsel's failure to object to those remarks (*see id.*).  With respect to the failure of defense counsel to obtain expert testimony regarding eyewitness identification, defendant has failed to demonstrate the " 'absence of strategic or other legitimate explanations for counsel's alleged shortcoming[]' " (*People v Stanley,* 108 AD3d 1129, 1130, *lv denied* 22 NY3d 959).  We note that there were two eyewitnesses, i.e., the victim and his sister, but only the victim's sister testified.  Defense counsel cross-examined the victim's sister regarding her ability to view defendant, her state of exhaustion because she had worked 16 hours, the stress of the situation, and her failure to provide the police with any identifying information, in order to establish her inability to provide an accurate identification of defendant as the man who attacked her brother with a knife.  Further, the court gave the jury an expanded charge on single-witness identification at defense counsel's request.

Finally, the sentence is not unduly harsh or severe.

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court