# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

336

KA 14-00307

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

DONALD CLARK, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD CLARK, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 6, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree (two counts) and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of criminal possession of stolen property in the fourth degree to criminal possession of stolen property in the fifth degree and by vacating the sentence imposed on count three of the indictment and imposing a definite sentence of one year and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of two counts of burglary in the third degree (Penal Law § 140.20) and one count of criminal possession of stolen property in the fourth degree (§ 165.45 [5]). Defendant failed to preserve for our review his contention that his conviction of one of the counts charging burglary in the third degree and the count charging criminal possession of stolen property in the fourth degree is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Morgan*, 111 AD3d 1254, 1256). We reject defendant's contention with respect to the burglary count. Defendant was identified by two witnesses as one of two men who were seen wheeling two bicycles down a driveway and placing them in the bed of a pickup truck before walking down the street, looking into driveways as

they went.  The two witnesses observed one of the men, whom they identified as defendant during a showup procedure based upon his stature and his clothing, return to the vicinity of the truck carrying several items.  As a police car approached, in response to the 911 call made by one of the witnesses, the man placed the three items next to a tree.  Defendant was apprehended in proximity to those items, and the items were identified by the owners as having been removed from their garage.  We conclude that, viewing the evidence in the light most favorable to the People, "there is sufficient evidence to support the jury's inference" that he unlawfully entered a building with the intent to commit a crime therein (*People v Gordon*, 23 NY3d 643, 649; *see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that the evidence with respect to his knowing possession of the stolen pickup truck is legally insufficient to support the conviction of criminal possession of stolen property in the fourth degree.  Viewing the evidence in the light most favorable to the People, i.e., that defendant was observed loading stolen property into a truck that had been stolen within the prior three hours, there is a valid line of reasoning and permissible inferences to lead a rational person to conclude that defendant knew that the truck was stolen (*see generally Gordon*, 23 NY3d at 649; *Bleakley*, 69 NY2d at 495).  We agree with defendant, however, that the evidence is legally insufficient to support the conviction of that crime because as the People correctly concede, there was no evidence regarding the value of the truck, a requisite element of that offense (*see generally Morgan*, 111 AD3d at 1256-1257).  We further conclude, however, that the evidence is legally sufficient to support the lesser included offense of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and we therefore modify the judgment accordingly (*see* CPL 470.15 [2] [a]; *People v Pallagi* [appeal No. 1], 91 AD3d 1266, 1270).  Because defendant has served the maximum one-year sentence for that offense (*see* Penal Law §§ 70.15 [1]; 70.35), there is no need to remit the matter to Supreme Court for resentencing (*see People v McKinney*, 91 AD3d 1300, 1300).  In the interest of judicial economy, we further modify the judgment by vacating the sentence imposed on count three and by imposing the maximum sentence allowed for class A misdemeanor, i.e., a definite sentence of one year (*see id.*).  Contrary to defendant's contention, viewing the elements of the crime of burglary in the third degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those counts is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during summation (*see People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849) and, in any event, that contention is without merit.  Although the People correctly concede that certain remarks that denigrated the defense were improper, and we reiterate that we do not condone that type of conduct (*see People v Gibson*, 134 AD3d 1512, 1513), we nevertheless conclude that neither those remarks, nor the other alleged instances of misconduct, were so egregious as to deny

defendant a fair trial (*see People v McAvoy*, 70 AD3d 1467, 1468, *lv denied* 14 NY3d 890; *cf. People v Jones*, 134 AD3d 1588, 1589).

We reject defendant's contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel.  We conclude that defendant failed to sustain his burden of establishing "that his attorney 'failed to provide meaningful representation' that compromised 'his right to a fair trial' " (*People v Pavone*, 26 NY3d 629, 647).  Indeed, viewing defense counsel's performance in its totality, as we must (*see People v Baldi*, 54 NY2d 137, 147), we conclude that defendant received meaningful representation (*see generally People v Wragg*, 26 NY3d 403, 409).  To the extent that defendant raises contentions regarding alleged instances constituting ineffective assistance of counsel in his pro se supplemental brief that are outside the record on appeal, those contentions must be raised by way of a motion pursuant to CPL 440.10 (*see People v Cooper*, 134 AD3d 1583, 1586).  We have reviewed the remaining contentions contained in defendant's pro se supplemental brief and conclude that none requires reversal or further modification of the judgment.

We reject defendant's further contention in his main brief that the court erred in denying his motion pursuant to CPL 330.30 (3) to set aside the verdict based upon newly discovered evidence, i.e., a posttrial statement by the Erie County District Attorney that a person who also was apprehended on the night of these crimes and identified by the witnesses as one of the men seen with the bicycles was exonerated.  It is undisputed that the prosecutor, an assistant district attorney, stated during his summation that the person was "probably guilty" but explained that there was not sufficient evidence to charge him with these crimes.  Even assuming, arguendo, that the District Attorney's remark was admissible in a new trial (*see generally People v Backus*, 129 AD3d 1621, 1623), we conclude that defendant failed to establish that the evidence would probably change the result if a new trial was granted or that the evidence was material, not cumulative and did not merely impeach or contradict the record evidence (*see id.; cf. People v Madison*, 106 AD3d 1490, 1492-1494).  Finally, the concurrent terms of imprisonment imposed on the burglary counts are not unduly harsh or severe.

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court