# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

936

KA 14-01243

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

JOSEPH MACHADO, DEFENDANT-APPELLANT.

STEPHEN J. BIRD, ROCHESTER, FOR DEFENDANT-APPELLANT.

JOSEPH MACHADO, DEFENDANT-APPELLANT PRO SE.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Livingston County Court (Dennis S.
Cohen, J.), rendered May 22, 2014.  The judgment convicted defendant,
upon a jury verdict, of robbery in the first degree (two counts),
burglary in the first degree (two counts), grand larceny in the fourth
degree (three counts) and unlawful imprisonment in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
upon a jury verdict of, inter alia, two counts each of robbery in the
first degree (Penal Law § 160.15 [3], [4]) and burglary in the first
degree (§ 140.30 [3], [4]).  At trial, the victim testified that two
men entered his home, placed a pillowcase over his head, and took many
of his belongings, including a shotgun.  Before leaving the victim's
home, one of the men held the shotgun to the victim's head, and the
victim noticed that one of the intruders wore red sneakers.  One of
the intruders testified at defendant's trial that he and defendant
committed the crimes, and that defendant had been wearing the red
sneakers during the incident.  The victim's neighbor testified that
defendant had been at his house the evening prior to the crimes, and
that defendant was wearing red sneakers.  The neighbor further
testified that, while defendant was at his house, a video was recorded
that depicted defendant's red sneakers.  Although the video did not
show defendant's face, the victim testified that the red sneakers
depicted in the video were the same ones that he observed on one of
the intruders.

We reject defendant's contention that County Court should have
dismissed the indictment on the ground that the integrity of the grand
jury proceeding was impaired.  Although the People submitted some

hearsay evidence to the grand jury, the remaining evidence was sufficient to sustain the indictment (*see People v Huston*, 88 NY2d 400, 409; *People v Butcher*, 11 AD3d 956, 958, *lv denied* 3 NY3d 755).

Defendant contends that the evidence is legally insufficient to sustain the conviction of one count of robbery in the first degree (Penal Law § 160.15 [3]) and one count of burglary in the first degree (§ 140.30 [3]) because the People did not establish that the shotgun was used or threatened to be used as a dangerous instrument. We reject that contention. To establish that a gun is a dangerous instrument, the People must present evidence that it was loaded and operable or that it was used as a club or bludgeon (*see People v Spears*, 125 AD3d 1400, 1400, *lv denied* 25 NY3d 1172; *People v Wilson*, 252 AD2d 241, 249). Here, the People established through circumstantial evidence that the weapon was a dangerous instrument inasmuch as it was loaded and operable (*see People v Spears*, 125 AD3d 1401, 1402, *lv denied* 25 NY3d 1172). The shotgun was never recovered, but the victim testified that he kept it loaded and in his bedroom, and that he had fired it on previous occasions.

Defendant further contends that the conviction on all counts should be reversed because there is legally insufficient evidence identifying him as the perpetrator. According to defendant, the People did not provide the required notice pursuant to CPL 710.30 that the victim would identify the red sneakers at trial and that identification testimony therefore should have been precluded. We conclude that no CPL 710.30 notice was required because there was no police-arranged identification procedure in which the victim identified defendant (*see* CPL 710.30 [1] [b]; *People v Jackson*, 71 AD3d 1457, 1457-1458, *lv dismissed in part and denied in part* 17 NY3d 774). We further conclude that the evidence, including the testimony of the second intruder identifying defendant and the testimony of the neighbor that defendant was wearing red sneakers around the time of the offense, is sufficient to establish defendant's identity. Contrary to defendant's further contention, upon viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct on summation (*see People v Cullen*, 110 AD3d 1474, 1475, *affd* 24 NY3d 1014; *People v Clark*, 138 AD3d 1449, 1451, *lv denied* 27 NY3d 1130). In any event, any alleged improprieties were not so egregious as to deprive defendant of a fair trial (*see Clark*, 138 AD3d at 1451; *People v Walker*, 117 AD3d 1441, 1442, *lv denied* 23 NY3d 1044). Defendant also failed to preserve for our review his contention in his main brief that the prosecutor improperly bolstered the victim's identification of the red sneakers worn by defendant, and his contention in his pro se supplemental brief that the prosecutor offered precluded testimony (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of

discretion in the interest of justice (*see* CPL 470.15 [6] [a]).
Viewing the evidence, the law and circumstances of this case, in
totality and as of the time of representation, we reject defendant's
further contention in his main and pro se supplemental briefs that he
was denied effective assistance of counsel (*see generally People v
Baldi*, 54 NY2d 137, 147).  Finally, the sentence is not unduly harsh
or severe.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court