# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1184**
**KA 14-00459**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ANTOINE GARNER, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered May 14, 2013. The judgment convicted defendant, upon a jury verdict, of strangulation in the second degree and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of strangulation in the second degree (Penal Law § 121.12) and assault in the third degree (§ 120.00 [1]). Defendant failed to preserve for our review his contention that the victim's testimony at trial rendered the indictment duplicitous (*see People v Allen*, 24 NY3d 441, 449-450; *People v Symonds*, 140 AD3d 1685, 1686, *lv denied* 28 NY3d 937), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his request for a mistrial after it was revealed that the prosecutor's brother worked for the same federal agency as the husband of the jury foreperson. "It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (*People v Duell*, 124 AD3d 1225, 1228 [internal quotation marks omitted], *lv denied* 26 NY3d 967). We conclude that, after questioning the juror, the court properly determined that a mistrial was not warranted (*see generally People v Brantley*, 168 AD2d 949, 949, *lv denied* 77 NY2d 904).

We reject defendant's contention that prosecutorial misconduct on summation deprived him of a fair trial. The prosecutor's comments regarding the victim were a fair response to defense counsel's

summation (*see People v Walker*, 117 AD3d 1441, 1441-1442, *lv denied* 23 NY3d 1044).  We agree with defendant that the prosecutor made an improper "safe streets" argument (*see People v Scott*, 60 AD3d 1483, 1484, *lv denied* 12 NY3d 859).  We nevertheless conclude that such argument and any remaining instances of alleged prosecutorial misconduct were not so egregious as to deny defendant a fair trial (*see id.*).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court