# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

540
KA 14-00968
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DEMARIO SMITH, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered November 22, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Defendant's conviction stemmed from the shooting of a 19-year-old victim at point-blank range with a shotgun. Contrary to defendant's contention, viewing the elements of the crime in light of the charge to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable because defendant was identified as the shooter only by his two accomplices, we nevertheless conclude that the jury did not "fail[ ] to give the evidence the weight it should be accorded" (*id.*). The credibility concerns that defendant raises on appeal with respect to the testimony of the accomplices were thoroughly explored on cross-examination. Furthermore, the testimony of the accomplices was sufficiently corroborated by other evidence, particularly the testimony of an eyewitness who described the shooter as of "medium build," which fit the description of only defendant, and the testimony of another witness to whom defendant admitted several weeks after the shooting that "he had to teach [the victim] a lesson because [the victim] wasn't playing by the rules."

Because the evidence is legally sufficient to support the conviction, defendant is precluded from challenging on appeal the instructions the prosecutor gave to the grand jury (*see People v*

*Gibson*, 137 AD3d 1657, 1658, *lv denied* 27 NY3d 1151; *People v Cotton*, 120 AD3d 1564, 1565-1566, *lv denied* 27 NY3d 963). In any event, we conclude that the failure of the prosecutor to instruct the grand jury that the testimony of the accomplices required corroboration did not impair the integrity of the grand jury (*see* CPL 210.35 [5]), inasmuch as the testimony of the accomplices was corroborated by defendant's admission of culpability to a nonparticipant (*see People v White*, 147 AD2d 967, 967; *see generally People v Burgin*, 40 NY2d 953, 954). Thus, the error did not "prejudice the ultimate decision reached by the [g]rand [j]ury" (*People v Elioff*, 110 AD3d 1477, 1477, *lv denied* 22 NY3d 1040 [internal quotation marks omitted]).

We reject defendant's contention that the prosecutor acted in bad faith by calling a witness whom he knew would not testify in accordance with the sworn statement the witness gave to the police within 24 hours of the murder (*see People v Jablonski*, 176 AD2d 1242, 1242). Prior to the commencement of the trial, County Court questioned the witness with respect to the contents of his statement to the police, i.e., that he saw the victim talking to defendant, whom he identified by his street name, moments before he heard a gunshot, and that he was "100% sure" that it was defendant whom he saw talking to the victim. The statement also reflected that the witness knew the female accomplice, whom he also identified by name. The witness told the court that the police detectives who took the statement were "mixed up" because he was not an eyewitness to the murder; however, he agreed with the court that he was obligated to tell the truth when called to testify. Thus, "there is no indication that the prosecutor called [the witness] in 'bad faith' simply to use [his] presence to introduce prior statements that would otherwise be inadmissible" (*id.; cf. People v Mitchell*, 57 AD3d 1308, 1310). During his trial testimony, the witness denied that he knew either defendant or the female accomplice and denied that he had ever heard their names or seen them before. The court therefore properly permitted the prosecutor to impeach the witness insofar as the witness had provided a sworn statement to the police that he knew the names of defendant and the female accomplice. Such impeachment was proper because the witness gave "testimony upon a material issue of the case [tending] to disprove the position of" the People that it was the defendant, and not the male accomplice, who shot the victim (CPL 60.35 [1]; *see People v Berry*, 27 NY3d 10, 17; *People v Saez*, 69 NY2d 802, 804). Inasmuch as the only eyewitness evidence identifying defendant as the shooter was provided by his accomplices, the witness's testimony "affirmatively damage[d] the [People's] case" (*Saez*, 69 NY2d at 804). Furthermore, the court properly instructed the jury that it could consider the evidence regarding the contents of the statement, which was not admitted in evidence (*see* CPL 60.35 [2]; *cf. Berry*, 27 NY3d at 18), only for the purpose of impeaching the credibility of the witness, and not for its truthfulness (*see Berry*, 27 NY3d at 18).

We reject defendant's further contention that the court erred in denying as untimely his request for a missing witness charge, which was made the day after proof was closed (*see People v Muscarella*, 132 AD3d 1288, 1290, *lv denied* 26 NY3d 1147). In any event, defendant failed to meet his burden that he was entitled to the missing witness

charge inasmuch as the testimony of the witness at issue would have been cumulative of other testimony that the male accomplice had sold marihuana to the witness a few hours prior to the victim's murder (*see id.*).

Defendant contends that he was denied a fair trial by prosecutorial misconduct on summation, but we note that he failed to object to any of the comments he now raises on appeal, and thus his contention is not preserved for our review (*see People v Cooper*, 134 AD3d 1583, 1586).  In any event, defendant's contention is without merit.  Although we agree with defendant that certain remarks made by the prosecutor were improper, particularly that the jury "owed a duty" to the victim and the people of the community (*see People v Garner*, 145 AD3d 1573, 1574), we nevertheless conclude that the improper remarks were not so egregious that defendant was denied a fair trial (*see id.*).  We conclude that the remaining comments at issue were either a fair comment on the evidence or a fair response to defense counsel's summation, and thus those comments did not exceed the bounds of legitimate advocacy (*see People v Miller*, 104 AD3d 1223, 1224, *lv denied* 21 NY3d 1017).  "Because the alleged improper remarks did not deny defendant a fair trial, he was not denied effective assistance of counsel based upon defense counsel's failure to object to those remarks" (*Cooper*, 134 AD3d at 1586).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court