People v Carey (2018 NY Slip Op 04125)





People v Carey


2018 NY Slip Op 04125


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


370 KA 16-00620

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID M. CAREY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DAVID M. CAREY, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 2, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). A parole warrant was issued for defendant after defendant failed to report to parole and moved out of his parole-approved residence. Defendant was arrested in the early morning hours outside an apartment leased to his girlfriend after defendant fled the residence upon hearing parole officers knocking at the door. In conducting a protective sweep of the residence, the parole officers found a box that contained what appeared to be baggies of cocaine. The parole officers found no furnishings upstairs at the residence, and they found some furniture, including a bed, downstairs. They found only men's clothing in the apartment, and they also found defendant's identification card and what appeared to be a key to the residence. Defendant's girlfriend was inside the residence when the parole officers entered, but they had observed her outside 20 to 30 minutes earlier, knocking on the door several times before being let inside, thus suggesting that she did not have a key to the apartment.
We agree with defendant in his main and pro se supplemental briefs that County Court erred in finding that he lacked standing to contest the search of the residence. "One seeking standing to assert a violation of his Fourth Amendment rights must demonstrate a legitimate expectation of privacy. One may have an expectation of privacy in premises not one's own, e.g., an overnight guest" (People v Ortiz, 83 NY2d 840, 842 [1994]). Here, we conclude that defendant established his standing at least as an overnight guest, if not as something more (see People v Telfer, 175 AD2d 638, 639 [4th Dept 1991], lv denied 78 NY2d 1130 [1991]; People v Moss, 168 AD2d 960, 960 [4th Dept 1990]; see generally People v Rodriguez, 69 NY2d 159, 162-163 [1987]). We agree with the court's further determination, however, that the search of the apartment was lawful (see People v Johnson, 94 AD3d 1529, 1531-1532 [4th Dept 2012], lv denied 19 NY3d 974 [2012]). The search by the parole officers was rationally and reasonably related to the parole officers' duties "to detect and to prevent parole violations for the protection of the public from the commission of further crimes" (People v Huntley, 43 NY2d 175, 181 [1977]; see Johnson, 94 AD3d at 1531-1532).
We reject defendant's further contention in his main and pro se supplemental briefs that the court erred in granting the People's request for a missing witness charge with respect to defendant's girlfriend. Contrary to defendant's contention, the People established that the [*2]girlfriend would have provided testimony on a material issue in the case and would have testified favorably for defendant (see People v Soto, 297 AD2d 567, 567 [1st Dept 2002], lv denied 99 NY2d 564 [2002]). Defendant's further contention that the missing witness instruction constituted improper burden-shifting is without merit. "Although a court may not ordinarily comment on a defendant's failure to testify or otherwise come forward with evidence at trial, . . . once a defendant does so, the customary standards for giving a missing witness charge apply" (People v Macana, 84 NY2d 173, 177 [1994]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in his main brief that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Russaw, 114 AD3d 1261, 1261-1262 [4th Dept 2014], lv denied 22 NY3d 1202 [2014]). Also contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe.
We reject defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel because counsel failed to make a CPL 30.30 speedy trial motion. The record before us does not support defendant's contention that there was a speedy trial violation (see People v Cooper, 134 AD3d 1583, 1585-1586 [4th Dept 2015]), and it is well settled that "[t]here can be no denial of effective assistance of trial counsel from counsel's failure to make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Jackson, 132 AD3d 1304, 1305 [4th Dept 2015], lv denied 27 NY3d 999 [2016]). To the extent that defendant's contention involves matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL 440.10 (see Cooper, 134 AD3d at 1586). Defendant's contention that the People failed to establish a sufficient chain of custody for the cocaine is unpreserved for our review (see People v Alexander, 48 AD3d 1225, 1226 [4th Dept 2008], lv denied 10 NY3d 859 [2008]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We have examined defendant's remaining contentions in his pro se supplemental brief and conclude that they are without merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court