People v Vick (2019 NY Slip Op 04853)





People v Vick


2019 NY Slip Op 04853


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


689 KA 17-00297

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONY VICK, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered November 7, 2016. The judgment convicted defendant, upon a jury verdict, of attempted kidnapping in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20) and assault in the second degree
(§ 120.05 [2]). Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Orta, 12 AD3d 1147, 1147 [4th Dept 2004], lv denied 4 NY3d 801 [2005]; see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during opening and closing statements (see People v Simmons, 133 AD3d 1227, 1228 [4th Dept 2015]). In any event, we conclude that his contention is without merit. The prosecutor's comments during his opening statement were, while perhaps theatrical, "properly framed in terms of what the [witnesses] would testify to and did not distort the evidence or otherwise prejudice defendant" (People v Hinojoso-Soto, 161 AD3d 1541, 1546 [4th Dept 2018], lv denied 32 NY3d 938 [2018] [internal quotation marks omitted]). The prosecutor's use of a jigsaw puzzle visual on summation to explain the People's burden of proof and reasonable doubt was not improper (see generally People v Barnes, 50 NY2d 375, 380-381 [1980]). Most of the prosecutor's remarks on summation were either fair comment on the evidence or fair response to defense counsel's summation (see People v Walker, 117 AD3d 1441, 1441-1442 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]). We agree with defendant, however, that it was improper for the prosecutor to remark at the beginning of his summation that he declined to object during defense counsel's summation, not because he agreed with everything that defense counsel said, but because he thought that it was important that the jury "hear everything that [defense counsel] ha[d] to say." That remark implied that, if defense counsel were to object during the prosecutor's summation, then defense counsel would be trying to keep information from the jury, and was an improper attempt to discourage defense counsel from objecting during the prosecutor's summation. We do not condone that type of conduct, but we nevertheless conclude that the improper remark was not so egregious as to deprive defendant of a fair trial (see People v Pendergraph, 150 AD3d 1703, 1703-1704 [4th Dept 2017], lv denied [*2]29 NY3d 1132 [2017]; People v Clark, 138 AD3d 1449, 1451 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]). In light of our conclusion, we reject defendant's further contention that defense counsel's failure to object to the alleged instances of prosecutorial misconduct constituted ineffective assistance of counsel (see People v Funk, 166 AD3d 1487, 1488-1489 [4th Dept 2018], lv denied 32 NY3d 1172 [2019]; People v Reed, 163 AD3d 1446, 1448 [4th Dept 2018], lv denied 32 NY3d 1067 [2018]; People v Smith, 150 AD3d 1664, 1667 [4th Dept 2017], lv denied 30 NY3d 953 [2017]).
Finally, the sentence is not unduly harsh or severe.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court