People v Sevilla-Rosales (2022 NY Slip Op 03937)

People v Sevilla-Rosales

2022 NY Slip Op 03937

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

110952
[*1]The People of the State of New York, Respondent,
v
Marvin Sevilla-Rosales, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Robert N. Gregor, Lake George, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered May 5, 2017, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.
Defendant, an incarcerated individual at Great Meadow Correctional Facility, was charged by indictment with promoting prison contraband in the first degree stemming from an incident wherein he allegedly possessed a metal shank during an altercation with a fellow incarcerated individual. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to a prison term of 3½ to 7 years, to be served consecutively to the sentence he was currently serving. Defendant appeals.
The sole issue defendant raises on appeal concerns alleged improper statements by the People during summation that defendant contends constituted prosecutorial misconduct. However, defendant acknowledges that defense counsel failed to contemporaneously object to those statements at trial, rendering them unpreserved (see People v Harris, 203 AD3d 1320, 1328-1329, [2022]; People v Lyons, 200 AD3d 1222, 1226 [2021], lv denied 37 NY3d 1162 [2022]). Instead, defendant contends that defense counsel's failure to timely object to the People's remarks constituted ineffective assistance of counsel warranting a new trial (see People v Andrade, 172 AD3d 1547, 1554 [2019], lvs denied 34 NY3d 928, 937 [2019]; People v Cooper, 134 AD3d 1583, 1586 [2015]).
It is well established that a claim of ineffective assistance of counsel must fail if "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Taylor, 156 AD3d 86, 91 [2017], lv denied 30 NY3d 1120 [2018]). "'In order to sustain a claim of ineffective assistance of counsel, New York courts must examine the trial as a whole to determine whether [the] defendant was afforded meaningful representation'" (People v King, 27 NY3d 147, 158 [2016] [brackets omitted], quoting People v Schulz, 4 NY3d 521, 530 [2005]). "The task of a reviewing court is to consider the seriousness of the errors in their totality" (People v Wright, 25 NY3d 769, 779 [2015] [internal quotation marks, brackets and citation omitted]).
Based upon our review of the record, we are satisfied that defendant was provided meaningful representation (see People v Garcia, 203 AD3d 1228, 1231 [2022]; People v Rudge, 185 AD3d 1214, 1217 [2020], lv denied 35 NY3d 1070 [2020]). The testimony at trial revealed that defendant engaged in a physical altercation with another incarcerated individual immediately upon his release from a 30-day stint in keep lock. A correction officer witnessed the altercation and testified that she observed defendant making slashing motions using a flattened sharp piece of metal with a handle, which she identified as a shank.[FN1] [*2]The officer also testified that she ordered defendant and the other individual to stop the fight, and that defendant dropped the shank upon complying with her directive. Further, a correctional facility nurse testified that she had treated the individual involved in the altercation with defendant, and that the wounds that the individual had suffered were consistent with injuries from a "cutting type weapon."
During summation, the People stated that, while in keep lock for 30 days, "defendant had time for 23 hours a day to sit and stew, to plot his revenge for the actions that actually put him in [keep lock]." The People then reiterated that "defendant had a whole month to plan his revenge for whatever action put him in [keep lock]." We find that these remarks were improper, as the record reveals that there was no evidence put forth at trial establishing the reason that defendant had been placed in keep lock; however, we do not find them sufficiently egregious to warrant a new trial (see People v Collins, 167 AD3d 1493, 1497 [2018], lv denied 32 NY3d 1202 [2019]; People v Sorrell, 108 AD3d 787, 793-794 [2013], lv denied 23 NY3d 1025 [2014]; People v Johnson, 49 AD3d 557, 557 [2008], lv denied 10 NY3d 865 [2008]).[FN2]
Importantly, defendant was convicted of promoting prison contraband in the first degree, which required the People to prove beyond a reasonable doubt that defendant, "[b]eing a person confined in a detention facility, . . . knowingly and unlawfully ma[de], obtain[ed], or possess[ed] any dangerous contraband" (Penal Law § 205.25 [2]). Thus, the People's statements attributing a motive to his involvement in the altercation, while improper, did not improperly prejudice defendant's theory of the case, which was largely premised on establishing a lack of opportunity to craft or possess the shank (see People v King, 27 NY3d at 159; People v Wragg, 26 NY3d 403, 411 [2015]; People v Fick, 167 AD3d 1484, 1486 [2018], lv denied 33 NY3d 948 [2019]; People v Lawrence, 141 AD3d 828, 833-834 [2016], lvs denied 28 NY3d 1071, 1073 [2016]). Nor did such comments have any appreciable impact on the credibility of the correction officer's testimony that she directly observed defendant possess the shank during the altercation with the other incarcerated individual (see People v Nicholson, 26 NY3d 813, 832 [2016]; People v Lombardo, 200 AD3d 1479, 1481 [2021], lv denied 38 NY3d 929 [2022]; People v Hartle, 159 AD3d 1149, 1153-1154 [2018], lv denied 31 NY3d 1082 [2018]).
Altogether, we do not find that the People's improper remarks, taken as a whole, were so "pervasive or flagrant as to require a reversal" on prosecutorial misconduct grounds (People v McCall, 75 AD3d 999, 1002 [2010], lv denied 15 NY3d 894 [2010]; see People v McKee, 174 AD3d 1444, 1445-1446 [2019], lv denied 34 NY3d 982 [2019]; People v Shepard, 171 AD3d 951, 952 [2019]; People v Harris, 162 AD3d 1240, 1243-1244 [2018], lv denied 32 NY3d 937 [2018]; see also People v Pendergraph, 170 [*3]AD3d 1630, 1631-1632 [2019]).[FN3] Accordingly, it cannot be said that defense counsel was ineffective for failing to object to the People's remarks on summation, considering counsel's overall representation (see People v Williams, 29 NY3d 84, 89-90 [2017]; People v Tucker, 195 AD3d 1547, 1549 [2021], lv denied 37 NY3d 1030 [2021]; People v Cotton, 184 AD3d 1145, 1148 [2020], lv denied 35 NY3d 1112 [2020]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Another correction officer testified that the shank recovered from defendant constituted dangerous contraband pursuant to Department of Corrections and Community Supervision rules and regulations.
Footnote 2: As noted by County Court, defense counsel stated during opening argument that defendant was in keep lock because he had been assaulted by another incarcerated individual, but no evidence was presented at trial establishing this fact.

Footnote 3: On his CPL 330.30 motion, defendant also pointed to a separate remark by the People during summation which alluded to the fact that there was only one proper "verdict that the law demand[ed] that [the jury] return in this case." While defendant does not raise any contention concerning this remark on his appeal, we have considered same in the context of the totality of the People's conduct at trial and our conclusion is unchanged (see People v Smith, 150 AD3d 1664, 1666-1667 [2017], lv denied 30 NY3d 953 [2017]).