People v Renaldo (2025 NY Slip Op 03918)

People v Renaldo

2025 NY Slip Op 03918

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

469 KA 24-00901

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH RENALDO, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (MORGAN NAMIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered July 25, 2023. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) in connection with a fatal shooting in which the victim was shot several times, including in the head. We affirm.
Defendant contends that he was denied a fair trial by prosecutorial misconduct on summation, but we note that he neither formally objected nor requested any relief from County Court with respect to the comments he now raises on appeal, and thus his contention is not preserved for our review (see CPL 470.05 [2]; People v Williams, 233 AD3d 1463, 1465 [4th Dept 2024], lv denied — NY3d — [2025]; People v Smith, 150 AD3d 1664, 1666 [4th Dept 2017], lv denied 30 NY3d 953 [2017]). We decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that the evidence is legally insufficient to establish that he was the perpetrator of the shooting and that he intended to cause the victim's death and that the verdict is against the weight of the evidence. Preliminarily, although defendant failed to preserve for our review his contention that his conviction is based on legally insufficient evidence because his motion for a trial order of dismissal was not specifically directed at the alleged errors raised on appeal (see People v McGuire, 227 AD3d 1499, 1500 [4th Dept 2024], lv denied 42 NY3d 971 [2024]), we "necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Cartagena, 149 AD3d 1518, 1518 [4th Dept 2017], lv denied 29 NY3d 1124 [2017], reconsideration denied 30 NY3d 1018 [2017] [internal quotation marks omitted]; see People v Exford, 234 AD3d 1252, 1253 [4th Dept 2025]). Here, three witnesses testified at the trial that defendant told them he had killed the victim, and there was circumstantial evidence placing the victim in the vicinity of defendant's home around the time of the shooting. We conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as the perpetrator (see People v Spencer, 191 AD3d 1331, 1332 [4th Dept 2021], lv denied 37 NY3d 960 [2021]). The evidence at trial further established that the victim suffered multiple gunshot wounds, including a fatal shot to the head. We conclude that the verdict is not against the weight of evidence with respect to the element of intent to cause the victim's death (see Penal Law § 125.25 [1]; see generally People v Schrader, 232 AD3d 1293, 1294 [4th Dept 2024], lv denied 43 NY3d 946 [2025]; People v Graham, 174 AD3d 1486, 1490 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; People v Velazquez, 100 AD3d 1504, 1506 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). With respect to defendant's remaining grounds for contending that the verdict is against the weight of the evidence, we conclude that, viewing the evidence in light of [*2]the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1997]). Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see generally Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court